IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

MSP RECOVERY, LLC,                     CASE NO:  1:15CV20208

    Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE COMPANY,

    Defendant.

_____/

**DEFENDANT'S OPPOSITION IN PART TO PLAINTIFF'S MOTION TO SEAL AGREEMENT AND ADDENDUM BETWEEN LA LEY RECOVERY-FHCP, INC. AND FLORIDA HEALTHCARE PLUS**

COMES NOW, the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, by and through undersigned counsel, and hereby files this Opposition to Plaintiff's Motion to Seal Agreement and Addendum Between La Ley Recovery-FHCP, Inc., and Florida Healthcare Plus, and states as follows

**I. Introduction**

1. The instant case involves Plaintiff seeking reimbursement under the Medicare Secondary Payer Act against Defendant for an alleged conditional payment made by FHCP to a medical provider.

2. Plaintiff, MSP Recovery, LLC, claims standing in this case solely based on two separate assignments. Plaintiff claims that FHCP assigned its rights to recover against Defendant to La Ley Recovery, Inc. ("La Ley Recovery"), and then La Ley Recovery assigned those same rights to Plaintiff. (See Plaintiff's Amended Complaint and

1

Exhibit "B" to Plaintiff's Amended Complaint)  If either assignment does not exist or is legally invalid, then Plaintiff would lack standing in this case and could not assert a cause of action against Defendant.

3. Plaintiff refuses to produce to Defendant the assignment from FHCP to La Ley Recovery.

4. Plaintiff claims that the assignment from FCHP to La Ley Recovery is part of a contractual agreement between FHCP and La Ley Recovery-FHCP, Inc. (a different party from La Ley Recovery), and that the contract is protected by production on the grounds that the agreement reveals La Ley Recovery's Trade Secret and HIPAA.

5. On February 20, 2015, Plaintiff filed its Motion to Seal Agreement Between La Ley Recovery-FHCP, Inc., and Florida Healthcare Plus.

6. On February 23, 2015, Plaintiff filed its Motion to Seal Agreement and Addendum Between La Ley Recovery-FHCP, Inc., and Florida Healthcare Plus.

7. The only difference between the two motions is that in its February 23, 2015 motion, Plaintiff also seeks to file under seal the addendum to the agreement.  Plaintiff does not raise any new arguments in its February 23, 2015 motion.  In both motions, Plaintiff requests that to file the agreement between FHCP and La Ley Recovery-FHCP, Inc., as well as the addendum to the agreement, under seal with Court.  Both motions seek protection from producing the agreement and its addendum to Defendant.

8. Because Plaintiff's February 20, 2015 and February 23, 2015 motions are nearly identical, the instant Opposition is a response to both of Plaintiff's above mentioned motions.

9. Prior to the filing of this opposition, undersigned counsel conferred in writing with Plaintiff's counsel in a good faith effort to resolve this motion by agreement.

## II. Basis for Opposition

### a. The Agreement Between FHCP and La Ley Recovery May be Kept Confidential From Outside Parties, but Must be Produced to Defendant Under the "At-Issue" Doctrine

10. Pursuant to Plaintiff, the alleged assignment between FHCP and La Ley Recovery is part of the agreement between FHCP and La Ley Recovery-FHCP, Inc. that Plaintiff seeks to file under seal in this case (and seeks to shield from production to Defendant).

11. Without producing that agreement, there is no way for Defendant to be certain that Plaintiff has standing in this case. That is especially true because in its motion to file under seal, Plaintiff claims the agreement is between La Ley Recovery Systems-FHCP, Inc. and FHCP, but the assignment to Plaintiff (Exhibit "B" of Plaintiff's Amended Complaint) is from La Ley Recovery Systems.

12. Thus there remain significant questions as to who actually has standing in this case and whether Plaintiff's assignment from La Ley Recovery System is valid when it was La Ley Recovery-FHCP, Inc. that possibly obtained the assignment from FHCP.

13. Plaintiff on page 4 of its Motion to Seal admitted that assignment is relevant to this case.

14. However, the entire agreement, not just the assignment language, is relevant to this case as portions of agreement may restrict or control what other assignments may be allowed.

15. Defendant has no objection to the Agreement between FHCP and La Ley Recovery-FHCP, Inc. being kept confidential from any outside parties. If necessary, Defendant

would sign a confidentiality agreement with Plaintiff.

16. However, Defendant does object to Plaintiff's position in this case that it can claim standing upon that agreement but then claim that the agreement is protected from production to Defendant.

17. The assignment between FHCP and La Ley Recovery, and hence the agreement, is part of Plaintiff's case-in-chief, as without it, Plaintiff lacks standing to proceed against Defendant. Because the agreement is part of Plaintiff's case-in-chief, the agreement cannot be privileged in this case.

18. Plaintiff has not presented any legal authority to support its position that it can claim standing based upon a document but not produce said document to the other party.

19. At a minimum, Plaintiff should be compelled to produce to Defendant the portion of the agreement and addendum wherein FHCP allegedly assigns its rights to La Ley Recovery.

20. Alternatively, if this Court is not inclined to compel production on the agreement and addendum, Defendant requests that this Court review the agreement and addendum in camera and determine what portions, if any, should be produced.

   **b. Plaintiff's Claim of Trade Secret is Misplaced**

21. While Plaintiff claims its agreement reveals La Ley Recovery's trade secret, trade secrets are waived under the "at issue" doctrine.

22. Additionally, Plaintiff does not have standing to raise trade secret privilege on behalf of La Ley Recovery.

23. The agreement and addendum is further not protected as trade secret in this case because Defendant is not a competitor with FHCP or La Ley Recovery.

24. Plaintiff has also not explained how La Ley Recovery's trade secret would be produced when the agreement is between FHCP and La Ley Recovery-FHCP, Inc. Furthermore, Plaintiff failed to submit any affidavits to support its claim of trade secret. Plaintiff merely relies on attorney argumentation and conjecture.

25. Therefore, Defendant requests that this Court compel Plaintiff to produce the agreement between La Ley Recovery and FHCP as well as the addendum.

### c. Plaintiff's HIPPA claim is Misplaced

26. HIPPA is meant to protect a patient's medical records.

27. HIPAA is not meant to protect an assignment between an HMO and a debt purchaser.

28. The agreement and its addendum do not refer to a patient specifically and thus do not violate any patient's HIPAA concerns.

29. Thus HIPPA does not protect the agreement or addendum in this case.

30. Additionally, even if HIPAA did apply to certain portions of the agreement and addendum, there is no reason why Plaintiff could not redact the name of the patient.

## III. Memorandum of Law

31. The "at issue" doctrine compels production of production of documents that are a part of a party's case, even if said documents would ordinarily be privileged. Savino v. Luciano, 92 So.2d 817 (Fla. 1957)(And when a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence, we think that he has waived his right to insist, in pretrial discovery proceedings, that the matter is privileged.)

32. This Court cited with approval to Savino in Carles Const., Inc. v. Travelers Cas. &

Sur. Co. of America, --- F.Supp.2d ----, 2014 WL 5439295 (S.D. Fla. 2014) and MapleWood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550 (S.D. Fla. 2013).

33. The Eleventh Circuit has found that waiver of the attorney-client privilege under Florida law may occur when a party affirmatively injects a privileged communication directly into the litigation, as necessary to prove an element of a claim or defense. GAB Bus. Servs. Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir.1987) (reversing lower court which failed to permit discovery into issue raised by party, as the attorney-client privilege is intended to be applied "as a shield, not a sword" and a party may not use the privilege to prejudice an opponent's case).

34. It cannot be disputed that the agreement between FHCP and La Ley Recovery-FHCP, Inc., which allegedly contains the assignment from FHCP to La Ley Recovery, is a mandatory part of Plaintiff's case to prove standing in this case.

35. Accordingly, the "at-issue" doctrine requires Plaintiff to produce the agreement and addendum.

36. Plaintiff's claims of protection under trade secret do not provide any relief to Plaintiff.

37. Plaintiff failed to submit any evidence to support its claim of trade secret. Especially in the context of trade secrets, where the Court must separate information that meets the statutory criteria for protection from information that does not, specificity about the scope of the trade-secret claim is essential. *See* IDX Sys. Corp. v. Epic Sys. Corp., 285 F.3d 581, 584 (7th Cir. 2002) (rejecting claim that forty-three page description of software was specific enough because "it does not separate the trade secrets from the other information that goes into any software package" and thus fails to indicate "[w]hich aspects are known to the trade, and which are not").

38. Even if Plaintiff did submit evidence to support its claim of trade secret, trade secrets are also waived under the "at-issue" doctrine. Del Monte Fresh Produce Co. v. Dole Food Co. Inc., 148 F.Supp.2d 1322 (S.D. Fla. 2001)(waiver of trade secret when trade secret is at issue);.In re Hillsborough Holdings Corp., 176 B.R. 223, 238–39 (M.D.Fla.1994) (stating that the law regarding waiver prevents a party from placing some privileged information into evidence for his own benefit and then arguing against disclosure).  Additionally, trade secret privilege is not absolute under Florida law, and court may order production if balance tips in favor of promoting interests of facilitating trial and doing justice as opposed to interests of claimant in maintaining secrecy.  Paragraph 2, Florida Law Revision Council Note for § 90.506.  Justice here clearly dictates that Plaintiff prove its clam of standing.  It was not the choice of Defendant for the assignment between FHCP and La Ley Recovery to be placed in the agreement between FHCP and La Ley Recovery-FHCP, Inc.

39. Also, Plaintiff does not have standing to raise the trade secret on behalf of La Ley Recovery.  A litigant will be permitted to raise a third party's rights only when three criteria are met: the third party has suffered a constitutional injury in fact, the litigant enjoys a close relationship with the third party, and an obstacle exists to the third party assertion of his or her own rights. Powers v. Ohio, 499 U.S. 400, 410–11, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (citing Craig, 429 U.S. at 190, 97 S.Ct. 451).  It is obvious all three criteria are not meant in this case, as La Ley Recovery could easily assert their own claim.

40. Moreover, as Defendant is not a competitor of FHCP, the trade secret defense does not come into play.

41. Trade secret protection also does not apply in this case as Defendant and La Ley Recovery are not competitors. *See* Freedom Newspapers, Inc. v. Egly, 507 So.2d 1180, 1184 (Fla. 2d DCA 1987)(The purpose underlying the trade secrets privilege established by section 90.506 is to prohibit a party to a suit from obtaining valuable information that could be used to its own advantage, relying upon the duty of a witness to answer questions truthfully. The likelihood of such an abuse of the discovery process is lessened where the party seeking discovery appears to have no real interest in the business techniques of the witness or his employer.).

42. Defendant is not in the same business as La Ley Recovery and would not gain any advantage by obtain the agreement and its addendum.

43. Defendant has also shown a sufficient need to the agreement and addendum to override any claim of trade secret. Freedom, 507 So.2d at 1184.

44. Plaintiff's claim of HIPAA protection also does not shield the agreement and addendum from being produced as HIPAA does not apply to those documents.

45. As a general rule, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), prohibits disclosure of private medical data. 45 C.F.R. § 164.508(a) ("Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section.").

46. The HIPAA Privacy Rule establishes national standards to protect individuals' medical records and other personal health information and applies to health plans, health care clearinghouses, and those health care providers that conduct certain health care transactions electronically." The Privacy Rule, Department of Health and Human

Services, available at http://www.hhs.gov/ocr/privacy/hipaa/administrative/privacyrule/index.html (last visited May 31, 2013).

47. As the agreement and addendum do not contain private medical data, HIPAA does not apply those documents.

48. Additionally, HIPAA permits disclosure in certain circumstances, including in judicial proceedings if ordered by the court. <u>Henns v. Mony Life Ins. Co. of America</u>, Not Reported in F.Supp.2d, 2011 WL 5358451 (M.D. Fla. 2011).

49. Plaintiff has also failed to present an iota of evidence that redaction would fail to protect any HIPAA protected information in this case.

## IV. Conclusion

WHEREFORE, for all of the reason listed above, Defendant requests that this Court enter an order requiring Plaintiff to produce the agreement and addendum between FHCP and La Ley Recovery-FHCP, Inc.. If the Court is not inclined to grant such relief, Defendant requests that this Court require Plaintiff to produce the assignment portion of the agreement and addendum. If the Court is not included to grant such relief, Defendant requests that this Court conduct an *in camera* inspection of the agreement and addendum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via E-Mail on Mach 2, 2015 to Rebecca Rubin del Rio, Esquire, MSP Recovery Law

Firm, Attorney for Plaintiff, MSP Recovery, LLC, serve@msprecoverylawfirm.com, (305) 614-2222/(305) 239-8870 (F).

                                    **Law Offices of Neil V. Singh**
                                    Attorneys for Defendant
                                    3250 West Commercial Blvd., Suite 220
                                    Fort Lauderdale, FL  33309
                                    (954) 233-9114 (Asst.)/(954) 233-9159 (Direct)
                                    Fax: (866) 841-8921
                                    SERVICE DESIGNATIONS:
                                    Primary: sfpiphc@progressive.com
                                    Secondary nsingh1@progressive.com

By: _____
        ERICK D. MARTIN, ESQUIRE
        Florida Bar No. 26517
        *"Salaried Employees of Progressive Casualty Insurance Company"*