UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-20208-UU

MSP RECOVERY, LLC,

    Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE CO.,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss. D.E. 19.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed and is ripe for determination.

## BACKGROUND

The following are the facts as alleged and interpreted in the light most favorable to Plaintiff. Florida Healthcare Plus ("FHCP") is a Medicare Advantage Organization ("MAO"). First Amended Complaint, ¶¶ 2, 3. On February 20, 2014, one of its members, who had opted into FHCP's Medical Advantage Plan, sustained injuries during a car accident. *Id.* at ¶ 13. Though this member was also insured under a personal injury protection ("PIP") policy issued by Defendant, FHCP conditionally paid for the cost of medical expenses associated with the accident. *Id.* at ¶¶ 9, 13–16. And notwithstanding that Defendant's PIP policy is a primary plan, Defendant has refused to provide reimbursement. *Id.* at ¶¶ 9, 17–22.

On December 9, 2014, Plaintiff, who was assigned FHCP's right to reimbursement, filed suit against Defendant in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to recover under 42 U.S.C. § 1395y(b)(3)(A), a private right of action created by the Medicare Secondary Payer Act ("MSP Act"). Defendant removed the action to federal court on January 20, 2015, and now moves to dismiss.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each allegation in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.*, 551 U.S. at 322. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

## ANALYSIS

Defendant moves to dismiss, arguing that Plaintiff lacks standing, that the Court lacks subject-matter jurisdiction and that Plaintiff has failed to state a claim upon which relief may be granted. The Court considers each argument in turn.

<u>Standing</u>

Plaintiff alleges that FHCP assigned its right to reimbursement to La Ley Recovery, and that La Ley Recovery then assigned that right to Plaintiff. Defendant asserts that this allegation is insufficient to establish standing for two reasons. First, Defendant argues that the allegation is conclusory because it is not supported by documentary evidence. However, at the motion to dismiss stage, all plausible factual allegations must be taken as true even if not supported by documentary evidence. *See Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

Second, Defendant argues that the allegation is inadequate because the record contains contradictory evidence. In support, Defendant points to two letters sent by Plaintiff's counsel on November 18, 2014; in one letter, Plaintiff's counsel represented that La Ley Recovery assigned FHCP's right to reimbursement to MSP Recovery-FHCP, Inc., and in the other letter, Plaintiff's counsel represented that La Ley Recovery assigned FHCP's right to reimbursement to MSP Recovery, Inc. D.E. 14-4 and 14-5. While this evidence lends support to Defendant's contention that Plaintiff is not in fact the assignee of FHCP's right to reimbursement, the letters, which contradict each other, do not conclusively refute Plaintiff 's allegation that it has been assigned FHCP's right to reimbursement. Accordingly, Defendant's argument fails.

<u>Subject-Matter Jurisdiction</u>

Defendant argues that the Court lacks federal question subject-matter jurisdiction because 42 U.S.C. § 1395y(b)(3)(A), under which Plaintiff sues, does not provide a right of action for Medicare Advantage Organizations ("MAO") seeking reimbursement for conditional payments from primary plans. However, the Court disagrees with Defendant's assertion and finds that Section 1395y(b)(3)(A) extends to MAOs. *See, e.g.*, *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 685 F.3d 353, 357-67 (3d Cir. 2012) (holding that Section 1395y(b)(3)(A) provides a private right of action to MAOs).

<u>Failure to State a Claim</u>

While Section 1395y(b)(3)(A) provides a private right of action to MAOs, a primary plan has a duty to reimburse a secondary-payer MAO for conditional payments only "if it is demonstrated that such primary plan has or had a responsibility to make payment ... ." 42 U.S.C. § 1395y(b)(2)(B)(ii); *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). The Eleventh Circuit has interpreted this provision to require a prior "demonstration" of a primary plan's responsibility to pay as a condition precedent to bringing suit under Section 1395y(b)(3)(A). *Glover*, 459 F.3d at 1309 ("Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the

relevant provisions.").

Under the statute, "[a] primary plan's responsibility for ... payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii). Here, Plaintiff does not allege that Defendant's responsibility to pay has been demonstrated by any means. Accordingly, its claim must be dismissed. *Glover*, 459 F.3d at 1310 (affirming a district court's dismissal of a Section 1395y(b)(3)(A) claim because the plaintiff sought to demonstrate responsibility to pay during litigation).

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, (D.E. 19), is GRANTED. Plaintiff's claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may reassert its claim after Defendant's responsibility to pay under Section 1395y(b)(3)(A) has been demonstrated.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf